THOMAS F. FRIEDBERG, ESQ. (#110439)
**LAW OFFICES OF FRIEDBERG & BUNGE**
610 WEST ASH STREET, SUITE 1400
P.O. BOX 6814
SAN DIEGO, CA 92166-0814
(619) 557-0101
"tom@lawofficefb.com"

Attorneys for Plaintiff

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANOLITO CASTILLO,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA;<br>DEPARTMENT OF VETERANS AFFAIRS,<br>SAN DIEGO HEALTH CARE SYSTEM;<br>VETERANS ADMINISTRATION CENTER.<br><br>      Defendants. | **CASE NO. 19-cv-0200-JAH-RBB**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>[Filed under Fed.R.Civ.P. 15(a)(1) |

Plaintiff, MANOLITO CASTILLO, alleges as follows:

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1.  This suit herein arises and is within the original jurisdiction of the United States District Court since one of the Defendants is the UNITED STATES OF AMERICA pursuant to 28 U.S.C. § 1346.

2.  Plaintiff is, and at all times herein mention was, a resident of the State of California and residing within the Southern District of the State of California.

3.  Plaintiff is informed and believes, and based thereupon alleges, that at all times herein mentioned, the Department of Veterans Affairs, San Diego Health Care System, was an agency of Defendant, UNITED STATES OF AMERICA, and was the owner and operator of the Veterans

1  Administration Medical Center located within the County of San Diego, State of California. Plaintiff
2  is further informed and believes, and based thereupon alleges, that the Veterans Administration
3  Medical Center is, and at all times herein mentioned was, a duly licensed general hospital and clinic
4  within the County of San Diego, State of California and held itself out at as possessing that degree
5  of skill, ability, learning and care commensurate with a general hospital and/or clinic operating
6  within the County of San Diego, State of California and providing opthamological care and
7  treatment.

8       4.     On or about May 27, 2017, Plaintiff filed a timely Federal Tort Claim with the U.S.
9  Department of Veteran Affairs. On or about August 14, 2018, the U.S. Department of Veterans
10 Affairs denied Plaintiff's claim. True and correct copies of the Federal Tort Claim filed by Plaintiff
11 and the denial are attached hereto as Exhibits "A" and "B".

12      5     Plaintiff is informed and believes, and based thereupon alleges, that at all times herein
13 mentioned, that the medical and opthamological treatment provided to Plaintiff at by the Department
14 of Veterans Affairs, San Diego Health Care System and the Veterans Administration Medical Center
15 was provided by agents and/or employees of the Veterans Administration Medical Center acting
16 within the course and scope of their employment and that their negligence and conduct below the
17 standard of care is the responsibility of Defendant, UNITED STATS OF AMERICA.

18      6     Plaintiff, MANOLITO CASTILLO, has a diagnosis of glaucoma and has been
19 regularly treated at the Veterans Administration Medical Center and receives opthamological care
20 and treatment of a regular basis. From and after such time, Defendant, UNITED STATES OF
21 AMERICA, by and through its agencies, including the Department of Veterans Affairs, San Diego
22 Health Care System and the Veterans Administration Center, undertook such medical care agreed
23 to perform all necessary care and treatment to Plaintiff by and through their agents and employees.

24      7.     Prior to March 24, 2016, Plaintiff received notice to appear for a scheduled
25 appointment at the Veterans Administration Clinic on Camino del Rio South in Mission Valley.
26 Plaintiff appeared at the scheduled appointment, but was seen by an optometrist and not an
27 opthamologist. The optometrist noted bleeding in Plaintiff's right eye and was advised to go to the
28 Veterans Administration Medical Center in La Jolla the next day for the specific purpose of seeing

an opthamologist due to the bleeding in the right eye. On March 25, 2016, Plaintiff went to his scheduled appointment at the Veterans Administration Medical Center in La Jolla, but instead of seeing an opthamologist, was seen by the same optometrist that Plaintiff had seen the day before at the Veterans Administration Medical Center in Mission Valley. Plaintiff requested to see an opthamologist and was advised that the next available appointment for Plaintiff to see an opthamologist was May 23, 2016.

8. Plaintiff went to Philadelphia to visit relatives in April 2016. While in Philadelphia, Plaintiff lost vision in his right eye. Plaintiff saw an opthamologist on May 10, 2016, in Philadelphia on an emergent basis, but the vision in his right eye has not returned and Plaintiff is now blind in his right eye.

9. Plaintiff is informed and believes, and based thereupon alleges, Defendant, UNITED STATES OF AMERICA, through its agents and/or employees, by and through its agencies, including the Department of Veterans Affairs, San Diego Health Care System and the Veterans Administration Center, breached the standard of care of Plaintiff. Specifically, Defendant should have realized that on March 24, 2016, when there was blood in the right eye, that this was an opthamological emergency and the optometrist that saw Plaintiff should have ordered an opthamological consultation on a STAT basis. Further, when the same optometrist saw Plaintiff on March 25, 2016, when the appointment should have been with an opthamologist, Defendant should have ordered a STAT opthamological consultation. The failure to appreciate the likelihood of loss of vision without the appropriate opthamological treatment and then failing to order a STAT opthamological consultation on both March 24, 2016, and then again on March 25, 2016, was a breach of the standard of care.

10. As a direct and proximate result of the breach of standard of care by Defendant, by and through their agents and/or employees, as hereinabove alleged, caused Plaintiff to be hurt and injured in his health, strength and activity, in all parts of his body, and sustained shock and injury to his nervous system and person, all of which injuries have caused and continue to cause Plaintiff great mental, physical and nervous anxiety, and pain and suffering. Plaintiff is informed and believes, and based thereupon alleges, that said injuries will result in some permanent disability to

Plaintiff, all to his general damage, in an amount to be proven at time of trial. Plaintiff is informed and believes, and based thereupon alleges, that the amount in controversy herein is in excess of Seventy Five Thousand Dollars ($75,000.00) and within the jurisdiction of this Court.

11. As a further direct and proximate result of the breach of standard of care by Defendant, by and through their agents and/or employees, as hereinabove alleged, Plaintiff was required to, and did, employ physicians, surgeons and therapists to treat and care for him and did sustain expenses for said medical treatment and care, hospitalization, medicines, and for other and further medical and incidental care, for which Plaintiff has incurred liability in an amount as yet unascertained. Plaintiff prays leave of Court to amend and/or supplement this Complaint to insert the actual and reasonable value of all medical and incidental expenses when same have been ascertained, or to prove same at time of trial.

12. Plaintiff is informed and believes, and based thereupon alleges, that as a further direct and proximate result of the breach of standard of care by Defendant, by and through their agents and/or employees, as hereinabove alleged, he will necessarily require additional medical care, hospitalization, medicines, and other and further medical attention in the future and will incur liability therefrom. Plaintiff prays leave of Court to amend and/or supplement this Complaint to insert the actual and reasonable value of all said additional medical and incidental expenses when same have been ascertained, or to prove same at time of trial.

13. As a further direct and proximate result of the breach of standard of care by Defendant, by and through their agents and/or employees, as hereinabove alleged, Plaintiff became incapacitated and was prevented from following his usual occupation for an undetermined period of time; and as a result thereof, said Plaintiff suffered a loss of earnings and earning capacity and ability and other financial losses in an undetermined amount. Plaintiff prays leave of Court to amend and/or supplement this Complaint to include the exact amount of said loss of earnings and earning capacity and ability when ascertained, or to prove same at time of trial.

/ / /

/ / /

/ / /

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

1. For general damages within the jurisdiction of this Court in an amount in excess of $75,000.00, and in an amount to be proven at the time of trial;

2. For medical and related expenses, past, present and future, all in an amount to be proven at the time of trial;

3. For loss of earnings or earning ability, past, present and future, all in an amount to be proven at the time of trial;

4. For cost of suit incurred herein; and

5. For such other and further relief as this Court deems just and proper.

DATED:  March 20, 2019                    **LAW OFFICES OF FRIEDBERG & BUNGE**


By: *S/THOMAS F. FRIEDBERG, ESQ.*
      THOMAS F. FRIEDBERG, ESQ.
      Attorney for Plaintiff

# EXHIBIT "A"

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully instructions on the reverse side and supply information requested both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO. 1105-0008

**1. Submit to Appropriate Federal Agency:**

VA Regional Counsel
11301 Wilshire Boulevard
Los Angeles, CA 90073
(310) 268-3800

**2. Name, address of claimant, and claimant's personal representative if any.** (See instructions on reverse). Number, Street, City, State and Zip code.

Manolito M. Castillo
9596 Yervain Street
San Diego, CA 92129

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☑ CIVILIAN | Mar 11, 1950 | Married | March 24, 2016 | 1:54 P.M. |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Please see "The enclosed supporting documents"

**9. PROPERTY DAMAGE** N/A

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Complete right eye blindness due to VAMC Medical Doctor's negligence in providing me the necessary medical treatment for my eye within a timely manner

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Dr. Roman Fajardo | VAMC Eye Clinic, 3350 La Jolla Village Drive, San Diego, CA, 92161 |

**12. AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| N/A | $500,000.00 | N/A | $500,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| MCastillo | 858-484-7832 | 5/27/2017 |

**CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM**

The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729).

**CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS**

Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.)

Authorized for Local Reproduction
Previous Edition is not Usable

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

95-109

page 

May 27, 2017

Dear Regional Counsel,

My name is Manolito M Castillo, a Veteran of the US Navy who served our country for 20 years. On March 24, 2016 I incurred a follow up visit with the VAMC regarding the condition of my glaucoma disease and to address my concerns for my increase in **blurry vision** and **redness** in my eye. Dr. Therese Anne Nguyen, Optometrist of VAMC San Diego, recommended for me to return the next day for further testing of my eye condition. On March 25, 2016 Dr. Nguyen took pictures of my eye and stated my eye condition was outside her expertise and referred me to the Scheduling Center for an Ophthalmology appointment. Per the MD's orders, my condition required me to be seen by an ophthalmologist **within 1 month.** In addition, Dr. Nguyen advised I continue taking the Latonoprost eye drops. Same day, the Scheduling Center informed me that their next available appointment was on May 23, 2016, **approximately 2 months later.** I inquired with the scheduler if there was any way to be seen sooner due to my concerns of my blurry vision getting worse. Unfortunately, the Scheduling Center denied me in accommodating an earlier appointment that was medically necessary.

While I was visiting my grandchildren in Philadelphia in May 2016, I woke up with no visibility in my right eye. I obtained an urgent appointment with Ophthalmologist, Dr. Michael A Negrey with Negrey's Eye Clinic, in Havertown Pennsylvania. I explained to Dr. Negrey that that I have consistently followed the Optometrist's orders in continuing the Latanoprost eye drops to treat my eye and I inquired why my condition worsened. Dr. Negrey responded stating my case was "mismanaged."
    *Dr. Michael A Negrey, Negrey Eye Associates, Eye Physicians & Surgeons*
    *56 West Eagle Road, Havertown, PA 19083-1447 Tel: 610-446-8080 Fax: 610-446 -1735*

I am knowledgeable of the conditions in having glaucoma disease because both my wife and brother in law was diagnosed with the eye condition and with close management of care by their provider, their eye sight remains fully functional. Unfortunately, due to San Diego's VAMC System failing to provide me the medically necessary treatment I needed from an ophthalmologist, **within 1 month**, as directed by my Optometrist Progress Note, I am now diagnosed blind in my right eye with no further possibility of my vision being recovered.

I hereby submit the following references to publications by medical experts in the study of glaucoma, which I believe will clearly and concretely support my claim for medical malpractice:
    1. *Treating Neovascular Glaucoma – Review of Ophthalmology*
       *Lama Al-Aswad, MD, New York City*
       *Published 12 AUGUST 2005*

A surgeon summarizes the signs, symptoms and appropriate treatment for this problematic disease. "NEOVASCULAR GLAUCOMA IS THE MOST COMMON TYPE OF glaucoma associated with retinal disease. Because it can lead to complete loss of vision or even the need for enucleation, early diagnosis and **immediate treatment are imperative**."

Dr. Al-Aswad is an assistant professor of clinical professor at the Columbia University College of Physicians and Surgeons, Edward S Harkness Eye Institute
    2. *Neovascular Glaucoma – Review of Optometry*
      *By Christopher J. Bergman, OD Release Date: August 2014*


page 1

"Neovascular Glaucoma: A Serious Secondary Condition...Because NVG can lead to total vision loss, *timely recognition and intervention is imperative* for your patients."
Dr. Bergman is a clinical instructor at the Southern College of Optometry in Memphis, Tenn. He can be reached at cborgman@sco.edu

   3. *Diagnosis and Treatment of Neovascular Glaucoma*
      By Sarwat Salim, MD, FACS

"Neovascular glaucoma (NVG) is a potentially devastating sequela of serious underlying ocular and/or systemic diseases...Clinically, the three most common conditions responsible for NVG are diabetic, retinopathy, central retinal vein occlusion and carotid artery obstructive disease."

"...Key elements in managing patients with NVG are an awareness of the underlying diseases responsible for this condition and *astute clinical examination*."

"...Central retinal vein occlusion. NVG is seen more commonly in ischemic central retinal vein occlusion as compared with the nonischemic variant...Therefore, patients presenting with central retinal vein occlusion *need to be followed closely over time* to monitor for early signs of neovascularization."

"The management of NVG involves both reducing elevated IOP and treating the underlying disease that led to the ischemic insult that initiated the anterior segment neovascularization."
Edited by Ingrid U. Scott, MD MPH, and Sharon Fekrat, MD

   4. *Neovascular Glaucoma: Background, Pathology*
      Updated: Aug 01, 2016  Author: Hemang K Pandya, MD;
      Chief Editor: Hampton Roy, Sr, MD

NVG is a potentially devastating glaucoma, where delayed diagnosis or poor management can result in complete loss of vision or quite possibly, loss of the globe itself. *Early diagnosis of the disease, followed by immediate and aggressive treatment is imperative.* In managing NVG, it is essential to treat both the elevated intraocular pressure (IOP) and the underlying cause of the disease.

I have served my time in the Navy and dedicated my life's work in serving the veterans at the San Diego VA Medical Center as a Medical Technologist. I take pride in the years I served the United States, however I feel the above explains the VAMC System has *failed* to serve me my right of quality healthcare treatment. The evidence of my timeline of care explained above clearly displays, the VAMC's negligence in providing me the necessary medical treatment for my eye *within a timely manner* that has resulted in permanent disability in my right eye.

Please contact myself at the information provided below if you require additional evidence to support my tort claim.

Sincerely,

*[signature]* 5/27/17

**Manolito M. Castillo**
9596 Vervain Street, San Diego, California 92129
Tel: 858-484-7832

# EXHIBIT "B"



**U.S. Department of Veterans Affairs**
Office of General Counsel

Torts Law Group (021)
810 Vermont Ave. NW
Washington, DC 20420

In Reply Refer To: GCL 343629

<u>Certified Mail</u>

August 14, 2018

Mr. Manolito Castillo
9596 Vervain St.
San Diego, CA 92129

    Re:    Your Administrative Tort Claim

Dear Mr. Castillo:

The Department of Veterans Affairs (VA) has thoroughly investigated the facts and circumstances surrounding your administrative tort claim. Our assesment of the claim included a review of your medical records and a review of the claim by a medical professional who was not involved in your care.

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671-2680, under which this claim was filed, provides for monetary compensation when a Government employee, acting within the scope of employment, injures another by a negligent or wrongful act or omission. Medical negligence means there was a breach in the standard of care and that breach proximately caused an injury. The standard of care is the level at which similarly qualified medical professionals would have managed the care under the same or similar circumstances.

Our review concluded that there was no negligent or wrongful act on the part of an employee of the Department of Veterans Affairs (VA) acting within the scope of his or her employment that caused you compensable harm relating to care for your vision at the San Diego VA Medical Center. Accordingly, we deny the claim.

If you are dissatisfied with the denial of the claim, you may file suit directly under the FTCA, 28 U.S.C. §§ 1346(b) and 2671-2680. The FTCA provides that when an agency denies an administrative tort claim, the claimant may seek judicial relief in a Federal district court. The claimant must initiate the suit within six months of the mailing of this notice as shown by the date of this denial (28 U.S.C. § 2401(b)). In any lawsuit, the proper party defendant is the United States, not the Department of Veterans Affairs.

Please note that FTCA claims are governed by a combination of Federal and state laws. Some state laws may limit or bar a claim or law suit. VA attorneys handling FTCA claims work for the Federal government, and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely,

*Pamela Crewe-Allen*

Pamela Crewe-Allen
Deputy Chief Counsel