UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MANOLITO CASTILLO, | | Case No.: 19cv00200 JAH-RBB |
| | Plaintiff, | |
| v. | | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS [Doc. No. 62]** |
| UNITED STATES OF AMERICA, | | |
| | Defendant. | |

Pending before the Court is Defendant's motion to dismiss for failure to establish jurisdiction. Defendant contends Plaintiff's action is jurisdictionally barred pursuant to the discretionary function exception to the waiver of sovereign immunity under the Federal Tort Claims Act ("FTCA"). The discretionary function exception precludes:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C.A. § 2680(a). Application of the discretionary function exception requires a two-step analysis. First, the Court must determine whether the challenged conduct involves an element of judgment or choice. <u>Berkovitz v. U.S.</u>, 486 U.S. 531, 536 (1988).

*Soldano v. United States*, 453 F.3d 1140, 1145 (9th Cir. 2006). If a "federal statute, regulation, or policy specifically prescribes a course of action" to which the employee must adhere, the first step of the analysis is not met, and the exception does not apply. *Fang v. United States*, 140 F.3d 1238, 1241 (9th Cir. 1998) (quoting *Berkovitz*, 486 U.S. at 536). If the conduct involves judgment or choice, the next step of the test requires the court to determine whether the judgment or decision is "grounded in social, economic, and political policy." *Soldano v. U.S.*, 453 F.3d 1140, 1145 (2006). The court looks to "the nature of the conduct, rather than the status of the actor" in making this determination. *United States v. Gaubert*, 499 U.S. 315, 322 (1991). The element is met if the nature of the conduct is susceptible to policy analysis. *Fang*, 140 F.3d at 1241. The government has the burden to demonstrate applicability of the discretionary function. *Whisnant v. United States*, 400 F.3d 1177, 1181 (9th Cir. 2005).

Defendant argues the discretionary function exception applies because the Veterans Affairs ("VA") San Diego Health Care System's conduct in choosing to schedule Plaintiff's appointment up to 30 days after the "return to clinic" date satisfies both prongs of the test. Defendant contends, there is no federal statute, policy, or regulation that specifically mandates the manner in which the Department of Veterans Affairs ("DVA") must schedule follow-up appointments. Rather, Defendant maintains, the DVA implemented a scheduling policy based on availability of appointments within specific time parameters which permits schedulers to schedule appointments up to 30 days after the health care provider's return to clinic date without having to consult with a health care provider. Defendant further maintains the DVA's policy was driven by how to allocate limited resources to provide health care to large numbers of patients. Defendant argues, even if Plaintiff could show these procedures and resource allocation choices were improper or negligent, such a showing would be irrelevant under the bar to suit for discretionary acts.

Defendant maintains Dr. Therese Nguyen's order did not require Plaintiff to return to clinic on a specific day and the scheduler properly exercised her discretion in providing Plaintiff an appointment up to 30 days after the return to clinic date. Defendant argues Plaintiff's action, which arises from his allegations that the VA did not schedule him for a retina clinic appointment by April 29, 2016, is barred by the discretionary function exception and, therefore, the Court should dismiss the action in its entirety and enter judgment in favor of the United States.

Plaintiff argues the discretionary function exception does not apply in this case because VA policy procedures prescribe a course of action for Dr. Nguyen to follow to make sure that the VA schedulers followed her nondiscretionary order that Plaintiff return for further examination by April 29, 2016. Relying on the testimony of Melissa Piroutek, the VA clinical Section Chief, Plaintiff maintains the VA scheduling policy only gives the schedulers discretion to book a return to clinic appointment up to 30 days after the clinically indicated date ordered by the provider when the provider does not instruct "yes overbook" in order to meet the clinically indicated date. Plaintiff maintains, according to the testimony of Ms. Piroutek, the VA's policies and procedures require a provider to either: (1) specifically order that the patient return to clinic on a specified date and instruct the scheduler to overbook if necessary to make the appointment, or (2) provide a "return to clinic/"clinically indicated date" and check "yes overbook" on the order to instruct the scheduler to overbook if necessary to meet that date, if she intends to have a patient return to the clinic within 30 days. He contends his negligence claims are based on Dr. Nguyen's failure to follow the VA procedures to have him return by April 29, 2016. Plaintiff argues the VA scheduler would have had no discretion to deviate from the time frame had Dr. Nguyen acted within the standard of care by scheduling a return appointment for a specific date or ordering an overbook. Plaintiff maintains Defendant's entire immunity argument depends on one provision in the VA scheduling policies and procedures that would not have applied had Dr. Nguyen followed the other procedures to make sure Plaintiff returned

by April 29, 2016, for the examination and optical coherence tomography ("OCT") she and Dr. Ferreyra ordered.

In reply, Defendant contends Dr. Nguyen properly ordered a return to clinic visit for one month without an overbook because she, as an optometrist, did not have the ability to order an ophthalmology appointment without authorization from Dr. Ferreyra. Defendant maintains Plaintiff asserts Dr. Ferreyra ordered him to return in 30 days for further examination, an OCT and possible anti-VEGF treatment but, Defendant argues the record does not show any such order from Dr. Ferreyra. Instead, Defendant maintains, Dr. Ferreyra agreed with Dr. Nguyen's plan and the evidence demonstrates Dr. Ferreyra did not instruct Dr. Nguyen to overbook. Because Dr. Nguyen was not negligent and she was unable to issue an overbook order, Defendant argues Plaintiff's attempt to cast Dr. Nguyen's order as negligence must fail. Defendant further argues the additional provisions of the VA policy regarding what a provider is required to do upon which Plaintiff relies do not apply to Dr. Nguyen in the circumstance of this matter.

Additionally, Defendant contends the discretionary function exception applies because, in this case, there was no policy or procedure which required specifically when Plaintiff's appointment should take place and the judgment that the scheduler exercised was of the kind that the discretionary function exception was designed to protect.

Plaintiff contends it is Dr. Nguyen's conduct in failing to use the VA procedure to have him return by April 29, 2016, that fell below the standard of care and resulted in his injuries. Dr. Nguyen testified that she was familiar with the "overbook" procedure and utilized it to have Plaintiff seen on March 25, 2016, in optometry. TR 202:7-19; 202:24-203:6 (Doc. No. 56). After her review of the OCT and photos during the March 25th optometry visit with Plaintiff, Dr. Nguyen's developed a plan to have Plaintiff return for ophthalmology-retinal assessment within a month. TR 212: 1-5 (Doc. No. 56). She testified that she was able to enter the order based on her plan but she was unable to schedule appointments with ophthalmology so she consults and defers to ophthalmology to make the appointments. TR 243:9-21 (Doc. No. 56). She further testified that if she

consults with ophthalmology and they tell her to overbook, she will do so. TR 204:4-8; 204:13-19; 212:6-7 (Doc. No. 56). Dr. Ferreyra did not indicate she should overbook. Progress Notes, Joint Exh. 27. Based upon Dr. Ferreyra's notes, Dr. Nguyen entered an order on the VA computer system for Plaintiff to be seen by the ophthalmology clinical in one month, and the order indicated "no" to overbook. TR 218:14-219:1; 222:8-13 (Doc. No. 56); VA Appointment Log, Joint Exh. 14.

Dr. Nguyen's testimony demonstrates she had the ability to put in an order for an appointment with ophthalmology and utilized the computer system to do so following her consultation with Dr. Ferreyra. Because she did not order an overbook, the scheduler could schedule Plaintiff up to 30 calendar days after the return to clinic date. Outpatient Scheduling Standard Operating Procedures, Joint Exh. 19. There is a procedure for providers to follow if they would like a patient to be seen by the return to clinic date. TR 305:20-306:1 (Doc. No. 57). However, there is no rule, regulation or policy dictating when a provider can or should overbook. Dr. Nguyen's conduct of ordering Plaintiff's visit to ophthalmology by April 29, 2016, without an overbook, was based on her judgment and she relied on the consultation as part of that decision.

However, the judgment used by Dr. Nguyen in determining whether to overbook so Plaintiff could be seen no later than the return to clinic date was that as a medical professional rather than based on governmental policy. The exercise of non-governmental discretion including professional judgment in the administration of medical care by government employees is not subject to the discretionary function exception. *Fang* 140 F.3d at 1242 ("[T]he United States is not immune from claims which challenge the actual administration of medical care by its employees when the claims do not concern actions which are the product of judgment driven by the consideration of competing policy-based choices.").

//
//
//

The Court finds the discretionary function exception does not bar Plaintiff's action. Accordingly, the motion to dismiss is DENIED.

DATED:    May 31, 2022

_____
JOHN A. HOUSTON
United States District Judge